UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIANNE SOTTILE,

    Plaintiff,

-against-

CHAIM FREEMAN – MARCHAI PROPERTIES; TED ERIC MAY, ESQ. – SHELDON, MAY & ASSOCIATES,

    Defendants.

1:19-CV-4819 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Marianne Sottile, of Goshen, New York, appears *pro se* and brings this action under the Court's federal question jurisdiction. She sues an attorney, Ted Eric May, Esq., of the law firm Sheldon, May & Associates, located in Rockville Centre, New York. She also sues Chaim Freeman, of Marchai Properties, located in Los Angeles, California. She asserts claims of violations of her federal constitutional rights, and seeks damages and injunctive relief. The Court construes Plaintiff's complaint as asserting claims of constitutional violations under 42 U.S.C. § 1983 as well as claims under state law. By order dated September 24, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See*

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff states that she brings this action to "exert[] her constitutional right for relief of a 'void' judgment for foreclosure and sale (state court decision dated June 11, 2015)." (ECF 2, p. 2.) She seeks relief from that state-court judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (*Id.* p. 2-3.) She asserts that the state courts have violated her rights of due process of law and equal protection under the law. (*See id.* p. 3-4, 11-12.) And she insists that the claim-preclusion (*res judicata*) and *Rooker-Feldman* doctrines do not prevent this action from proceeding. (*See id.* p. 5.)

Plaintiff alleges that in her foreclosure proceeding in the New York Supreme Court, Orange County, the mortgage holder's attorney, Defendant May, "knowing[ly] submitted inadmissible evidence and thus violated the Rule of Evidence, i.e. Rule 803(A) Business Records Exception to the Hearsay Rule." (*Id.* p. 6.) She asserts that the affidavits that he submitted to the state court were inadmissible hearsay. (*Id.*) She has attached to her complaint a June 11, 2015 Judgment of Foreclosure and Sale issued by the New York Supreme Court, Orange County; it directed the foreclosure sale of her home. (*Id.* p. 15-20.) Plaintiff also mentions, and attaches a copy of, a February 1, 2017 decision of the New York Supreme Court, Appellate Division, Second Department, which affirmed the Judgment of Foreclosure and Sale. (*Id.* p. 2, 25-28); *see Castle Peak 2012–1 Loan Trust Mortg. Backed Notes, Series 2012–1 v. Sottile*, 147 A.D.3d 720

(2d Dep't 2017). But she does not mention what, if anything, Defendant Freeman has done to injure her.

In addition to seeking damages, Plaintiff asks this Court "to correct this fraud upon the court and rule that the evidence submitted with the motion for Foreclosure and Sale [was], indeed, inadmissible hearsay and rule, that in light of this, the Judgment for Foreclosure and Sale is a 'void' judgment and is therefore[] unenforceable." (ECF 2, p. 12-13.) She also asks this Court to order the Orange County Clerk "to remove all documents relating to this Foreclosure lawsuit, and judgment[,] i.e. all assignments of mortgages and notes, all notice of pendencies etc." (*Id.* p. 13.)

**DISCUSSION**

**A.      The *Rooker-Feldman* doctrine**

The Court must dismiss, under the *Rooker-Feldman* doctrine, those claims in which Plaintiff asks this Court to review and void or overturn the June 11, 2015 Judgment of Foreclosure and Sale of the New York Supreme Court, Orange County. This doctrine – created by two decisions of the Supreme Court of the United States, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – generally precludes federal district courts from reviewing final judgments of the state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").[1]

---

[1] A federal district court has jurisdiction to consider a *habeas corpus* petition brought by a person in custody pursuant to a state-court judgment in which he or she challenges that

The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the federal district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Federal courts dismiss claims under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction. *See Exxon Mobil Corp.*, 544 U.S. at 291-92.

Plaintiff asserts that she has brought this action "not to re-litigate" her state-court foreclosure proceeding, but "to determine . . . the validity of the Judgment [of] Foreclosure and Sale. . . ." (ECF 2, p. 5.) That is precisely what the *Rooker-Feldman* doctrine prohibits the federal district courts from doing – reviewing and overturning a previously issued state-court judgment. The Court therefore dismisses, under the *Rooker-Feldman* doctrine, Plaintiff's claims in which she asks this Court to review and void or overturn the June 11, 2015 Judgment of Foreclosure and Sale of the New York Supreme Court, Orange County. The Court dismisses these claims for lack of subject matter jurisdiction.[2] *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291-92.

---

judgment. *See* 28 U.S.C. § 2254(a). Otherwise, the only federal court that can review a state-court judgment is the Supreme Court of the United States. *See* 28 U.S.C. § 1257(a).

[2] Plaintiff cannot seek relief here under Rule 60(b) from a state-court judgment. *See Lee v. Driscoll*, 3:18-CV-1478, 2019 WL 4450679, at *10 n.14 (D. Conn. Sept. 17, 2019) ("Rule 60(b) 'only allows a district court to vacate its own final judgment. . . . Where, as here, Plaintiff seeks federal district court relief from a state court judgment, Rule 60(b)(6) is entirely inapplicable to [this] case." (quoting *Ford v. Dep't of Soc. Servs.*, No. 10-CV-3800, 2011 WL 1458138, *6 (S.D.N.Y. Mar. 22, 2011) (alteration in original))); *Connarn v. Vermont*, No. 2:06-CV-0014, 2006 WL 2987932, at *2 (D. Vt. Oct. 17, 2006) ("[A] Rule 60(b) motion filed in federal court is 'an inappropriate procedural mechanism for challenging a state court judgment.'"

## B. Section 1983 claims against the defendants

The Court must also dismiss Plaintiff's claims under § 1983 against Defendants Freeman and May because Plaintiff has not alleged any facts showing that either of these defendants has acted as a state actor when violating Plaintiff's federal constitutional rights. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted).

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), an attorney's legal representation of a private entity does not constitute the degree of state involvement necessary for a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that a legal aid organization ordinarily is not a state actor for purposes of § 1983).

---

(quoting *Kevilly v. New York*, No. 02-CV-5796, 2006 WL 522427, at *2 (E.D.N.Y. Mar. 2, 2006))).

Moreover, neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence apply to state-court proceedings. *See* Fed. R. Evid. 101; *Voiceone Commc'ns, LLC v. Google Inc.*, No. 12-CV-9433, 2014 WL 10936546, at *4 (S.D.N.Y. Mar. 31, 2014) (citing Fed. R. Civ. P. 1); *Corines v. Superintendent, Otisville Correctional Facility*, 621 F. Supp. 2d 26, 41 (E.D.N.Y. 2008).

Defendant Freeman appears to be a private individual. And Plaintiff alleges that Defendant May is a private attorney who represented the private mortgage holder in Plaintiff's state-court foreclosure proceeding. Moreover, Plaintiff has failed to allege any facts showing how these private defendants acted as state actors when they allegedly violated Plaintiff's federal constitutional rights. The Court therefore dismisses Plaintiff's § 1983 claims against the defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Claims under state law**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action. The Court dismisses Plaintiff's federal claims under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction, *see* Fed. Civ. P. 12(h)(3), and for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 4, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge